COOKS, J.,
concurs in part and dissents in part.
hi concur in the majority’s affirmance of the grant of the motion to quash, but dissent from that portion of the opinion imposing conditions on said affirmance and remanding the matter for an evidentiary hearing. The trial court’s ruling should be affirmed without any conditions.
The laws pertaining ,to extradition required that once the State discovered Defendant was incarcerated in Texas, it had the affirmative duty to take steps to secure his presence in Louisiana for trial. State v. Bobo, 03-2362 (La.4/30/04), 872 So.2d 1052; State v. Amarena, 426 So.2d 613. When the State fails to properly extradite a defendant incarcerated in another state, as it did here, it loses the benefit of interruption or suspension in tolling the delays for bringing the matter to trial. The defense’s requests for continuances because their client was not made available to them or their inability to complete discovery should not be used to allow the State to suspend the tolling of prescription. Therefore I would affirm the trial court’s grant of the motion to quash.